# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENTON J. LOHMAN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>T. FELKER,<br><br>　　　　　　Respondent. | Civil No. 07cv0905 J (CAB)<br><br>**ORDER:**<br>**1) ADOPTING MAGISTRATE JUDGE BENCIVENGO'S REPORT AND RECOMMENDATION;**<br><br>**2) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation ("R&R") recommending that the Court deny the First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 of Petitioner Trenton J. Lohman ("Petitioner"). [Doc. No. 22.] The Court has considered the Petition, Respondent's Answer, Petitioner's Traverse, Petitioner's Objections to the R&R, and all the supporting documents that the parties have submitted. Having considered these documents, this Court now **ADOPTS** the R&R and **DENIES** the Petition for the reasons stated below.

*Factual Background*

This Court gives deference to State court findings and presumes their correctness. If Petitioner wishes to rebut the presumption of correctness, he bears the burden of proving that the State court was incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S.

20, 35-36 (1992) (holding that findings of historical fact, including inferences properly drawn from such facts, are entitles to statutory presumption of correctness).  Petitioner has not provided the Court with clear and convincing evidence that the State court erred in its findings of fact.

On February 26, 2005, Petitioner approached the victim, Mr. Horning, and demanded that Mr. Horning give him his class ring.  [Doc. No. 32.]  After Mr. Horning refused, Petitioner threatened to beat him up.  *Id.*  Mr. Horning attempted to defuse the situation by walking away and getting into his vehicle, but Petitioner followed him, reached into his truck, and hit Mr. Horning in the face at least four times.  *Id.*  Mr. Horning called the police after the fight and reported Petitioner's license plate number.  *Id.*  The police found methamphetamine on Petitioner's person when they arrested him.  *Id.*

Petitioner's strikes to Mr. Horning resulted in the victim's fractured/broken nose and misaligned nasal bones—requiring corrective surgery.  *Id.*  Petitioner claimed that he acted in self-defense and denied that he possessed methamphetamine.  *Id.*

### *Procedural Background*

On May 25, 2005, a jury found Petitioner guilty of the following crimes: (1) battery with serious bodily injury, in violation of California Penal Code § 243(d) and (2) possession of methamphetamine, a controlled substance, in violation of Health and Safety Code § 11377(a).  (Clerk's Transcript at 86-87.)  The jury also found that Petitioner inflicted great bodily injury upon the victim, within the meaning of Penal Code § 1192.7(C)(8).  *Id.* at 86.  Petitioner was sentenced to a total term of 12 years, which included: (1) the middle term of three years for battery, doubled pursuant to the three strikes law, (2) a five-year consecutive term for a prior serious felony, and (3) a one-year consecutive term for a prior prison term.  *Id.* at 90.  The court also imposed a four-year concurrent term for possession of methamphetamine.  *Id.*

On direct appeal, Petitioner argued that the imposition of a sentence other than one under the three strikes law would have been the proper sentence, the jury instructions were confusing, and there was insufficient evidence to establish that Petitioner inflicted "great bodily injury" on the victim.  (Lodgment No. 3.)  The California Court of Appeal, Fourth Appellate District, Division One, denied the appeal and affirmed the judgment on May 5, 2006.

Petitioner submitted a Petition for Review in the California Supreme Court, which raised the same issues as before the Court of Appeal. (Lodgment No. 7.) The California Supreme Court summarily denied the Petition on July 12, 2006. (Lodgment No. 8.)

On May 17, 2007, Petitioner filed a federal Petition for Writ of Habeas Corpus. [Doc. No. 1.] On June 13, 2007, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court in order to exhaust state court remedies regarding the federal constitutional issues that Petitioner raised in his federal Petition. (Lodgment No. 9.) On September 6, 2007, the Honorable Magistrate Judge Cathy Ann Bencivengo issued an R&R recommending that this Court deny the Petition, and in response, Petitioner moved to withdraw his Petition without prejudice. [Doc Nos. 17, 19.] On December 12, 2007, the California Supreme Court denied Petitioner's state petition for writ of habeas corpus. (Lodgment No. 10.) On January 10, 2008, this Court granted Petitioner's motion to withdraw his federal Petition and, accordingly, dismissed the Petition without prejudice. [Doc. No. 20.]

On January 22, 2008, Petitioner filed the present First Amended Petition for Writ of Habeas Corpus. [Doc. No. 27.]  Respondent Answered on June 27, 2008. [Doc. No. 27.]  Petitioner submitted his Traverse on August 7, 2008. [Doc. No. 31.]  On August 11, 2008, Magistrate Judge Bencivengo filed an R&R to which Petitioner filed objections nunc pro tunc on September 18. [Doc. Nos. 32, 34.]

*Legal Standard*

**I. State Prisoner Habeas Standard**

A federal court may grant habeas relief to a state prisoner if the petitioner is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court's duty in examining a state prisoner's habeas petition is governed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Pursuant to AEDPA, a federal court may grant habeas corpus relief from a state-court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). State interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional question would be implicated. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("federal habeas corpus

relief does not lie for errors of state law;" federal courts may not reexamine state court determinations on state law issues.)

## II. Reviewing a Magistrate Judge's R&R

The duties of a district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). A district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (2007); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo*' determination . . . Congress intended to permit whatever reliance a district judge, in exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

*Petitioner's Objections*

Because Petitioner has filed objections to the R&R, this Court must conduct a *de novo* review of the portions of the R&R to which objections were made. Petitioner objects to the R&R by adopting and incorporating the legal claims set out in his Petition and argues that all legal points therein "sufficiently respond" to the points raised in the R&R. [Doc. No. 34.] Therefore, the Court must evaluate the Petition in order to understand the ways in which Petitioner specifically objects to the R&R. Petitioner argues the following in his Petition, and so this Court assumes that he submits the same arguments in objection to the R&R: (1) the evidence at his trial was insufficient to support the finding that Petitioner inflicted "great bodily injury" on Mr. Horning within the meaning of Penal Code § 1192.7(C)(8) and (2) jury instructions violated his right to due process because they were confusing. [Doc. No. 1.] Respondent claims that the Court should deny the Petition because the State court decision was neither contrary to nor an unreasonable application of clearly established federal law. [Doc. No. 27.] Petitioner's Traverse adopted and incorporated his Petition, and therein Petitioner argued that the State court's dual instruction on "serious" bodily injury and "great" bodily injury was confusing to the jury and, therefore, violated Petitioner's Fourteenth Amendment rights to due process.

*Discussion*

## I. Insufficiency of the Evidence

Petitioner claims that the evidence at trial was insufficient to establish that the injury inflicted on the victim was a "bone fracture," or that the degree of injury was anything more than moderate. (FAC at 6.) The Fourteenth Amendment Due Process Clause protects a criminal defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In reviewing an insufficient-evidence claim in habeas proceedings, a federal court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Courts must apply this standard with specific reference to the applicable state law defining the elements of the crime at issue. *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004) (en banc).

A federal court faced with a factual record "that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 442 U.S. at 326. "The reviewing court must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996); *see also Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997). Circumstantial evidence and inferences that a trier of fact draws from the facts proven beyond a reasonable doubt are sufficient to sustain a conviction. *United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004). This Court may only grant habeas relief if the State court's decision constituted an "unreasonable application" the *Jackson* standard. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

On May 25, 2005, a jury convicted Petitioner of (1) battery with serious bodily injury and (2) possession of methamphetamine. [Doc. No. 32.] The jury instruction for battery is the matter at issue in Petitioner's Motion. Battery is "any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. Battery that results in serious bodily injury "is punishable by imprisonment in a county jail not exceeding one year or imprisonment in the state prison for two, three, or four years." *Id.* at § 243(d).

The State court decision was not unreasonable. Under California law, every bone fracture is not automatically a serious or great bodily injury. *People v. Nava*, 207 Cal. App. 3d 1490, 1497 (Cal. Ct. App. 1989). "Bone fractures are . . . variable, ranging from compound fractures of major bones to hairline fractures of very small ones." *Id.* at 1496. Whether a bone fracture in a particular case rises to the level of serious or great bodily injury within the meaning of Penal Code § 1192.7 is a question of fact that belongs to the jury's decision making process. *See id.* at 1498.

In the case at bar, the trial produced ample evidence from which a rational trier of fact could have found beyond a reasonable doubt that the injury to the victim constituted a great bodily injury. Specifically, the physician who treated Mr. Horning at the emergency room, Dr. Butcher, testified that the victim's face was "pretty swollen and banged up" when Mr. Horning arrived at the hospital and that the victim "had some linear abrasions or marks on his forehead that looked as if he had been hit by someone wearing a ring or some other object." (Reporter's Transcript ("RT") at 13, 16.) The CT scans that Dr. Butcher ordered revealed that Mr. Horning had a fractured nose that extended up to the bony portion of his nose. *Id.* at 13, 17.

Additionally, the jury heard testimony from Dr. Miya—an ear, nose, and throat specialist —who performed surgery on Mr. Horning to straighten his nasal bones. *Id.* at 31. Dr. Miya testified that Mr. Horning's septum was extremely deviated and that this prevented the victim from breathing out of his left nostril. *Id.* Based on those facts, a rational jury could have found that the harm Petitioner inflicted on Mr. Horning was great bodily injury. Accordingly, this Court **DENIES** Petitioner's claim of insufficient evidence because the State court's decision to deny Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law.

**II. Jury Instructions**

Petitioner argues that his due process rights were violated when the trial court instructed the jury with CALJIC Nos. 9.12 and 17.20 because the instructions, when given together, were confusing. "Instructional error will not support a petition for federal writ of habeas relief unless it is shown 'not merely that the instruction is undesirable, erroneous, or even "universally condemned,"' but that 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Murtishaw v. Woodford*, 255 F.3d 926, 971 (9th Cir. 2001) [citations omitted]. Furthermore, the

allegedly erroneous jury instruction cannot be judged in isolation. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Rather, it must be considered in the context of the entire trial record and the instructions as a whole. *Id.*; *see also Gilmore v. Taylor*, 508 U.S. 333, 343-44 (1993) (finding that the right to present a complete defense does not entitle a defendant to a particular set of jury instructions).

CALJIC No. 9.12, the jury instruction for battery with serious bodily injury, states in pertinent part, "The term 'serious bodily injury' means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." CALJIC No. 17.20, the jury instruction for infliction of great bodily injury, states, "Great bodily injury, as used in this instruction, means a significant or substantial physical injury. Minor, trivial[,] or moderate injuries do not constitute great bodily injury." Petitioner contends these instructions are confusing when given together because CALJIC No. 9.12 lists a bone fracture as a "serious bodily injury," which could lead a jury to believe that a bone fracture automatically constitutes "great bodily injury." [Doc. No. 22.] However, Petitioner does not demonstrate, nor is there any indication in the record, that such confusion existed.

The trial court's instructions to the jury made clear that battery with serious bodily injury was a separate concept from infliction of great bodily injury. *See* (RT at 221.) Specifically, the trial court stated, "If you find the defendant guilty of battery with serious bodily injury, a felony, you must determine whether that defendant personally inflicted great bodily injury on Sean Horning in the commission of the battery with serious bodily injury." *Id.* The jury was also provided with separate definitions for each of the allegations. *Id.* at 221-22. Thus, the jury would have been aware that a finding of guilty as to battery with serious bodily injury did not automatically mean the defendant was also guilty of infliction of great bodily injury. Furthermore, as discussed above, there was substantial evidence to support a finding by the jury that the injury inflicted on the victim constituted a "great bodily injury," rather than a minor or moderate injury. Accordingly, because Petitioner fails to establish that the jury instructions "so infected the entire trial that the resulting conviction violates due process," *see Cupp v. Naughten*, 414 U.S. 141, 146 (1973), this Court **DENIES** Petitioner's due process claim regarding jury instructions.

*Conclusion*

For the reasons stated above, this Court **ADOPTS** the R&R and, accordingly, **DENIES** Petitioner's First Amended Petition for Writ of Habeas Corpus in its entirety.

**IT IS SO ORDERED.**

DATED: November 12, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Bencivengo
    All Counsel of Record