1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

12  TRENTON J. LOHMAN,                    )    Civil No. 07cv0905 J (CAB)
                                         )
13                    Petitioner,        )    **ORDER DENYING PETITIONER'S**
                                         )    **APPLICATION FOR CERTIFICATE**
14          v.                           )    **OF APPEALABILITY**
                                         )
15                                       )
                                         )
16  T. FELKER,                           )
                                         )
17                    Respondent.        )
                                         )
18  _____     )

19

20          Petitioner Trenton J. Lohman, a state prisoner appearing *pro se*, filed a First Amended Petition

21  for Writ of Habeas Corpus ("Petition") challenging his conviction pursuant to 28 U.S.C. § 2254.

22  Pursuant to 28 U.S.C. § 636(b)(1) and CivLR HC.2 of the District, the Honorable Cathy Ann

23  Bencivengo, United States Magistrate Judge, submitted a Report and Recommendation ("R&R"),

24  recommending that this Court deny the Petition.  [Doc. No. 32.]  Petitioner timely filed objections to the

25  R&R, and this Court subsequently overruled Petitioner's objections, adopted the R&R, and denied the

26  Petition.  [Doc. No. 35.]  Petitioner now seeks a certificate of appealability pursuant to 28 U.S.C. §

27  2253(c) and Federal Rule of Appellate Procedure 22(b).  [Doc. No. 38.]

28

***Legal Standard***

A state prisoner may not appeal the denial of a § 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(A).  In deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons a certificate is not warranted.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further.  *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (internal citations omitted).  A petitioner does not need to show that he "should prevail on the merits.  He has already failed that endeavor."  *Id.* at 1025 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

***Analysis***

**I. Insufficiency of the Evidence**

Petitioner claims that he is entitled to a certificate of appealability on the grounds of insufficiency of the evidence.  He argues that the evidence at trial was insufficient to establish that Petitioner inflicted "great bodily injury" on the victim and that this constitutes a substantial showing of the denial of a constitutional right.  On May 25, 2005, a jury convicted Petitioner of (1) battery with serious bodily injury, in violation of California Penal Code § 243(d), and (2) possession of methamphetamine, a controlled substance, in violation of Health & Safety Code § 11377(a).  (Clerk's Transcript 86-87.)  The jury also found that, in fracturing the victim's nose, Petitioner inflicted great bodily injury upon the victim within the meaning of Penal Code § 1192.7(C)(8).  *Id.* at 86.  Great bodily injury is defined as "a significant or substantial physical injury.  Minor, trivial[,] or moderate injuries do not constitute great bodily injury."  California Jury Instructions (CALJIC) No. 9.12.

Petitioner claims that this last finding of great bodily injury was supported by insufficient evidence.  In reviewing an insufficient-evidence claim in habeas proceedings, a federal court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  However, Petitioner

2

1  cannot show that the issue of insufficiency of the evidence is debatable among jurists of reason, that a

2  court could resolve the issue in a different manner, or that the question is  adequate to deserve encour-

3  agement to proceed further.  In the case at bar, the trial produced extensive evidence that the injury to

4  the victim constituted a great bodily injury.  Specifically, the physician who treated Mr. Horning at the

5  emergency room, Dr. Butcher, testified that the victim's face was "pretty swollen and banged up" when

6  Mr. Horning arrived at the hospital and that the victim "had some linear abrasions or marks on his

7  forehead that looked as if he had been hit by someone wearing a ring or some other object."  (Reporter's

8  Transcript ("RT") at 13, 16.)  The CT scans that Dr. Butcher ordered revealed that Mr. Horning had a

9  fractured nose that extended up to the bony portion of his nose.  *Id.* at 13, 17.

10        Additionally, the jury heard testimony from Dr. Miya—an ear, nose, and throat specialist —who

11  performed surgery on Mr. Horning to straighten his nasal bones.  *Id.* at 31.  Dr. Miya testified that Mr.

12  Horning's septum was extremely deviated and that this prevented the victim from breathing out of his

13  left nostril.  *Id.*  Based on these facts, Petitioner has not presented an insufficiency of the evidence issue

14  that is debatable among reasonable jurists or could be resolved by a court in a different manner.  Ample

15  evidence supports the jury's conclusion that Petitioner inflicted great bodily injury on the victim.

16  Therefore, Petitioner is not entitled to a certificate of appealability on this issue.

17  **II.  Jury Instructions**

18        Petitioner argues that his due process rights were violated because the jury instructions given at

19  his trial were confusing.  "Instructional error will not support a petition for federal writ of habeas relief

20  unless it is shown 'not merely that the instruction is undesirable, erroneous, or even "universally

21  condemned,"' but that 'the ailing instruction by itself so infected the entire trial that the resulting

22  conviction violates due process.'"  *Murtishaw v. Woodford*, 255 F.3d 926, 971 (9th Cir. 2001) [citations

23  omitted].  The trial court instructed the jury with both CALJIC Nos. 9.12 and 17.20.  CALJIC No. 9.12,

24  the jury instruction for battery with serious bodily injury, states in pertinent part, "The term 'serious

25  bodily injury' means a serious impairment of physical condition, including, but not limited to, the

26  following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of

27  any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."

28  CALJIC No. 17.20, the jury instruction for infliction of great bodily injury, states, "Great bodily injury,

as used in this instruction, means a significant or substantial physical injury.  Minor, trivial[,] or moderate injuries do not constitute great bodily injury."

Petitioner contends that "[s]erious bodily injury and great bodily injury[] are two separate and distinct offenses," [doc. no. 38], and because CALJIC Nos. 9.12 and 17.20 were given together, the jury could have mistakenly believed that a serious bodily injury, such as a bone fracture, automatically constitutes a great bodily injury.  Petitioner correctly notes that CALJIC Nos. 9.12 and 17.20 refer to the different offenses of, respectively, serious bodily injury and great bodily injury.  However, Petitioner has failed to show, nor is there any indication in the record, that trial court's use of CALJIC Nos. 9.12 and 17.20 resulted in jury confusion.  The trial court's instructions to the jury made clear that battery with serious bodily injury was a separate concept from infliction of great bodily injury.  (RT at 221.) Specifically, the trial court stated, "If you find the defendant guilty of battery with serious bodily injury, a felony, you must determine whether that defendant personally inflicted great bodily injury on Sean Horning in the commission of the battery with serious bodily injury."  *Id.*  The jury was also provided with separate definitions for each of the allegations.  *Id.* at 221-22.

Based on the detailed instructions the trial court gave to the jury, the jury would have been aware that a finding of guilty as to battery with serious bodily injury did not automatically mean that the defendant was also guilty of infliction of great bodily injury.  Petitioner cannot demonstrate that the use of CALJIC Nos. 9.12 and 17.20 in his trial confused the jury as to the different meanings of serious bodily injury and great bodily injury.  Therefore, the use of CALJIC Nos. 9.12 and 17.20 in Petitioner's trial does not present a question of substance debatable among reasonable jurists, nor does it raise an issue that a court could resolve in a different manner, and Petitioner is not entitled to a certificate of appealability.

### *Conclusion*

For the reasons above, the Court **DENIES** Petitioner's request for a certificate of appealability.

DATED:  January 30, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

4